## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALVARO ANNOVER MORETA ARIAS<br>a/k/a "Santos" | No. 1:23-cr-00119-LEW |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR POST-JUDGMENT RELIEF

The Government submits the following response in opposition to the *pro se* motion for post-judgment relief filed by Defendant Alvaro Annovar Moreta Arias (the "Defendant"). Dkt. 48. In the motion, the Defendant claims that the Federal Bureau of Prisons ("BOP") erroneously deemed him ineligible to receive First Step Act ("FSA") time credits due to his immigration status as a removable alien. Dkt. 48 at 1-2. The Defendant also claims that the BOP improperly denied him a transfer to a BOP facility closer to his home as well as an opportunity to successfully complete the Residential Drug Abuse Program ("RDAP"). Dkt. 48 at 2. For reasons articulated below, the Government urges the Court to dismiss the Defendant's claims for lack of exhaustion and lack of jurisdiction. Alternatively, the Defendant's claims should be denied as devoid of merit.

### I.   Factual and Procedural Background

In November 2023, the Defendant pleaded guilty to an information charging him with distribution and possession with intent to distribute controlled substances, namely 400 grams or more of a mixture or substance containing N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Dkt. 23; Dkt. S-3241445; Dkt. S-3244099; Dkt. 30.

Based on a total offense level of 27 and a criminal history category of I, the Court determined that the Defendant's advisory guideline range was 70 to 87 months' imprisonment. Dkt. 45. The Court ultimately varied downward and sentenced the Defendant to 60 months' imprisonment in March 2024. Dkt. 44.

In December 2024, the Defendant filed a *pro se* motion for post-judgment relief challenging the BOP's failure to deem him eligible to receive time credits under the FSA, transfer him to a facility closer to home, and permit him to complete the RDAP. Dkt. 48. The Defendant is currently incarcerated in Pennsylvania at the Loretto Federal Correctional Institution with an anticipated release date of October 9, 2027.[1]

## II.    DISCUSSION

### A.    Legal Standards

The proper vehicle for a federal inmate seeking to challenge the execution of his sentence is a petition for habeas corpus under 28 U.S.C. § 2241. *United States v. Glantz*, 884 F.2d 1483, 1489 (1st Cir. 1989). Section 2241 "establishes a mechanism for a federal inmate who is 'in custody' to challenge the execution of (rather than the imposition of) his or her sentence." *Francis v. Maloney*, 798 F.3d 33, 36 (1st Cir. 2015). *See also United States v. Wilson*, 503 U.S. 329, 335 (1992) (the Attorney General, through the BOP, is responsible for computing the credits afforded to federal inmates). Types of challenges properly pursued by federal inmates in § 2241 petitions include challenges to the computation of their sentences by the BOP as well as challenges to the BOP's placement and transfer of federal inmates to different places of confinement. *Cook v.*

---

[1] *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc// (last visited Feb. 5, 2025).

*Spaulding*, 433 F. Supp. 3d 54, 57 (D. Mass. 2020); *Thornton v. Sabol*, 620 F. Supp. 2d 203, 206 (D. Mass. 2009); *Muniz v. Sabol*, 517 F.3d 29, 32 (1st Cir. 2008).

Prior to filing a § 2241 petition, a federal inmate first must exhaust his administrative remedies within the BOP. *See McKinney v. United States*, No. 1:18-cr-00084-JAW-3, 2022 WL 1997242, at *2-*3 (D. Me. June 6, 2022) (explaining the administrative exhaustion requirement and outlining the proper procedure). "It is only after these administrative steps with the prison and BOP offices have been exhausted that a federal prisoner may bring a habeas corpus petition in federal court." *Id.* at *3. Importantly, however, a federal inmate may not bring a § 2241 petition in the district where he was sentenced, unless the inmate is sentenced and confined in the same district. *Id.* at *2. This is because a federal inmate's § 2241 petition must be filed in his district of confinement and must name the warden as respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement").

**B. Lack of Exhaustion and Lack of Jurisdiction**

The Government submits that there are two fundamental flaws with the Defendant's attacks on the execution of his sentence by the BOP. First, the Government challenges whether the Defendant can satisfy his burden of showing that he properly exhausted his administrative remedies within the BOP prior to filing this motion with the Court. Where, as here, there is no evidence in the record or in the Defendant's motion that he brought his challenges concerning the BOP's failure to deem him eligible to receive FSA time credits, transfer him to a BOP facility closer to home, and permit him to complete RDAP to the proper prison officials and then exhausted his

administrative remedies within the BOP, it is appropriate for the Court to dismiss his motion without prejudice. Second, even assuming for the sake of argument that the Defendant had exhausted his administrative remedies within the BOP, the Government also challenges whether the Court lacks jurisdiction over the Defendant's challenges to the execution of his sentence because he filed this motion in his district of sentencing, and not in his district of confinement. In view of these fundamental flaws, the Government submits that the Defendant's motion should be dismissed without prejudice "so that he may first exhaust his administrative remedies with the BOP before refiling in the correct court." *McKinney*, 2022 WL 1997242, at \*3. *See also United States v. Williams*, No. 2:15-cr-00069-JDL, 2023 WL 8560334, at \*2 (D. Me. Dec. 11, 2023) (citing *McKinney* and noting a federal inmate's challenges to the BOP's calculation or application of credits could be pursued in a § 2241 petition filed in the district of incarceration).

### C. Lack of Merit

Even assuming for the sake of argument that the Court does not dismiss the Defendant's motion for lack of exhaustion or lack of jurisdiction, the Government further submits that it is appropriate for the Court to deny the Defendant's claims as devoid of merit.

As to the Defendant's claim concerning his eligibility for FSA time credits, the FSA amended 18 U.S.C. § 3624(b) to permit certain federal prisoners serving a term of more than 1 year to receive credits of up to "54 days at the end of each year of the prisoner's term of imprisonment." 18 U.S.C. § 3624(b). However, as is set forth in 18 U.S.C. § 3632(d)(4)(D), not all federal prisoners are entitled to this benefit. Those individuals who are serving sentences after having been convicted of certain criminal

offenses are ineligible to receive time credits under the FSA. 18 U.S.C. § 3632(d)(4)(D). One of these enumerated offenses deemed ineligible under the FSA to receive time credits is the very offense for which the Defendant stands convicted: distribution and possession with intent to distribute a mixture or substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide in violation of 21 U.S.C. § 841(b)(1)(A). 18 U.S.C. § 3632(d)(4)(D)(lxvi). Because the Defendant is statutorily ineligible to receive time credits under the FSA, his first claim is a nonstarter. Stated slightly differently, the Court need not consider the Defendant's argument about the BOP's improper consideration of his immigration status. No matter what the Defendant's immigration status is, he simply cannot receive any time credits under the FSA because of his offense of conviction. Accordingly, the Defendant's time credits claim misses the mark.

As to the Defendant's claim that he was denied placement at a BOP facility closer to his family, it is well-established that "[t]he authority to assign and transfer prisoners to places of confinement is conferred on the BOP by 18 U.S.C. § 3621(b)." *Muniz*, 517 F.3d at 32. 18 U.S.C. § 3621(b) provides in pertinent part:

> The Bureau of Prisons **shall** designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>     (1) the resources of the facility contemplated;
>     (2) the nature and circumstances of the offense;
>     (3) the history and characteristics of the prisoner;
>     (4) any statement by the court that imposed the sentence-
>         (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>         (B) recommending a type of penal or correctional facility as appropriate; and

5

> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. **The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.**

18 U.S.C. § 3621(b) (emphasis added). In other words, the authority to determine where federal prisoners are placed rests squarely with the BOP, and any claim to the contrary by the Defendant is misplaced.

Equally misplaced is the Defendant's claim that he is being unfairly denied the opportunity to successfully complete the RDAP. This, of course, is because the authority to determine prisoner eligibility for the RDAP lies with the BOP. 18 U.S.C. §§ 3621(b) & 3621(e). "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). It should be noted that prior to the imposition of the sentence, the Defendant provided no indication to the Court that he suffered from a substance abuse disorder. *See generally* PSR ¶ 36; Dkt. 39. Perhaps unsurprisingly, the Court's judgment did not include a recommendation that the Defendant participate in the RDAP. Dkt. 44. Accordingly, the Defendant's claim that he is being denied an opportunity to successfully complete the RDAP, despite not having requested or received a timely recommendation from the Court to do so, is altogether unavailing.

## III.   CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court dismiss without prejudice or, alternatively, deny the Defendant's *pro se* motion for post-judgment relief.

Dated:  February 6, 2025

Respectfully submitted,

DARCIE N. MCELWEE
United States Attorney

By:   */s/ Anne K. Yereniuk*
Anne K. Yereniuk
Assistant U.S. Attorney
U.S. Attorney's Office
100 Middle Street
Portland, ME 04101
(207) 780-3257
Anne.Yereniuk@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on February 6, 2025, I caused the foregoing Government's Response in Opposition to Defendant's Motion for Post-Judgment Relief using the CM/ECF system. I also certify that I caused a copy of the foregoing document to be sent via regular mail to:

      Alvaro Moretta Arias, #67584-510
      FCI Loretto
      Federal Correctional Institution
      P.O. Box 1000
      Cresson, PA  16630.

      DARCIE N. MCELWEE
      United States Attorney

By:    */s/ Anne K. Yereniuk*
      Anne K. Yereniuk
      Assistant U.S. Attorney
      U.S. Attorney's Office
      100 Middle Street
      Portland, ME 04101
      (207) 780-3257
      Anne.Yereniuk@usdoj.gov